IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN W. GRIGSBY, | ) | |
| Plaintiff(s), | ) | No. C 07-2833 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| ROBERT HOREL, et al., | ) | (Docs # 6, 7, 8 & 10) |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint for declaratory, injunctive and monetary relief under 42 U.S.C. § 1983 alleging mail tampering and interference with his right to file grievances and petition the government for redress.

Plaintiff moves for a temporary retraining order ("TRO)/preliminary injunction, appointment of counsel and discovery sanctions. He also requests referral to a magistrate judge for settlement proceedings.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however.
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

10 B.    Legal Claims

11       Plaintiff alleges that prison officials routinely open, read and dispose of
12 his legal mail without his permission. He further alleges that they have
13 improperly done so to interfere with his ongoing state court actions and that they
14 do not process his administrative appeals. Liberally construed, plaintiff's
15 allegations of mail tampering and interference with ongoing court actions state a
16 cognizable § 1983 claim for violation of the First Amendment. See, e.g., O'Keefe
17 v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). His allegations of failure to
18 process his administrative appeals are dismissed for failure to state a claim under
19 § 1983 because it is well-established that there is no constitutional right to a
20 prison administrative appeal or grievance system, see Ramirez v. Galaza, 334
21 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
22 1988), and that a state's creation of a prison administrative appeal or grievance
23 system does not implicate a liberty interest protected by the Due Process Clause,
24 see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow,
25 997 F.2d 494, 495 (8th Cir. 1993) (same).
26 /

2

B.  TRO/Preliminary Injunction

Plaintiff's motion for a TRO/preliminary injunction (docs # 8 & 10) is denied for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

C.  Motion for appointment of counsel, etc.

Plaintiff's motion for appointment of counsel (doc # 6) is denied for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). So is his request for referral to a magistrate judge for settlement proceedings. The court will appoint counsel and/or refer the matter to a magistrate judge for settlement proceedings on its own motion if it determines at a later date in these proceedings that such action is warranted.

Plaintiff's motion for discovery sanction (doc # 7) is dismissed as premature.

3

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

4

1  judgment is entitled to judgment as a matter of law, which will end your case.
2  When a party you are suing makes a motion for summary judgment that is
3  properly supported by declarations (or other sworn testimony), you cannot simply
4  rely on what your complaint says.  Instead, you must set out specific facts in
5  declarations, depositions, answers to interrogatories, or authenticated documents,
6  as provided in Rule 56(e), that contradicts the facts shown in the defendant's
7  declarations and documents and show that there is a genuine issue of material
8  fact for trial.  If you do not submit your own evidence in opposition, summary
9  judgment, if appropriate, may be entered against you.  If summary judgment is
10 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
11 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

12       Plaintiff is also advised that a motion to dismiss for failure to exhaust
13 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
14 case, albeit without prejudice.  You must "develop a record" and present it in
15 your opposition in order to dispute any "factual record" presented by the
16 defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
17 n.14 (9th Cir. 2003).

18       d.    Defendants shall file a reply brief within 15 days of the date
19 on which plaintiff serves them with the opposition.

20       e.    The motion shall be deemed submitted as of the date the
21 reply brief is due.  No hearing will be held on the motion unless the court so
22 orders at a later date.

23    3.    Discovery may be taken in accordance with the Federal Rules of
24 Civil Procedure.  No further court order is required before the parties may
25 conduct discovery.

26    4.    All communications by plaintiff with the court must be served on
27
28       5

1  defendants, or defendants' counsel once counsel has been designated, by mailing
2  a true copy of the document to defendants or defendants' counsel.
3       5.   It is plaintiff's responsibility to prosecute this case. Plaintiff must
4  keep the court and all parties informed of any change of address and must comply
5  with the court's orders in a timely fashion. Failure to do so may result in the
6  dismissal of this action under Federal Rule of Civil Procedure 41(b).
7  SO ORDERED.
8  DATED:  August 28, 2007

   CHARLES R. BREYER
9  United States District Judge

G:\PRO-SE\CRB\CR.07\Grigsby2.serve.wpd