1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  LISA SCIANDRA, State Bar No. 246532
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5846
    Fax:  (415) 703-5480
8   Email:  Lisa.Sciandra@doj.ca.gov

9  Attorneys for Defendants Horel, Wilber, Carrier and
   Jacquez
10

11                  IN THE UNITED STATES DISTRICT COURT
12              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                        SAN FRANCISCO DIVISION
14

15  **JONATHAN W. GRIGSBY,**                          C 07-2833 CRB

16                                    Plaintiff,

17          **v.**

18  **ROBERT HOREL, et al.,**

19                                    Defendants.      (No hearing pursuant to August
                                                       28, 2007, Order of Service)
20

21  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**

22                  **MOTION FOR SUMMARY JUDGMENT**

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................... 2

INTRODUCTION ........................... 2

SUMMARY OF ARGUMENT ........................... 2

STATEMENT OF ISSUES ........................... 3

STATEMENT OF UNDISPUTED FACTS ........................... 3

ARGUMENT ........................... 5

I.    LEGAL STANDARDS FOR SUMMARY JUDGMENT. ........................... 5

II.   PLAINTIFF FAILS TO SHOW THAT HIS MAIL WAS TAMPERED
      WITH IN VIOLATION OF THE FIRST AMENDMENT. ........................... 5

      A.    Plaintiff Fails to Show that Any Legal Mail which May Have Been
            Opened by Defendant Carrier Actually Met the Criteria Under CDCR
            Regulations for "Confidential Mail." ........................... 6

      B.    Plaintiff Fails to Show that Defendant Carrier Opened and Read His
            Legal Mail and Told Litigation Coordinator Barlow About Plaintiff's
            Small Claims Cases. ........................... 7

      C.    Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Against
            Defendants Horel and Jacquez for Mail Tampering. ........................... 8

III.  PLAINTIFF FAILS TO SHOW THAT HE WAS DENIED ACCESS
      TO THE COURTS IN VIOLATION OF THE FIRST AMENDMENT. ........................... 9

      A.    Plaintiff Fails to Show that He was Denied Access to the Courts in
            Small Claims Case Number C1CL06-2139. ........................... 10

      B.    Plaintiff Fails to Show that He was Denied Access to the Courts in
            Small Claims Case Number C1CL06-2221. ........................... 11

      C.    Plaintiff Fails to Show that He was Denied Access to the Courts in U.S.
            District Court, Northern District of California, Case Number
            C 06-5494 CRB (PR). ........................... 11

            1.    Plaintiff Makes No Direct Allegations Against Any Defendant
                  in this Action. ........................... 11

            2.    The Record in Case Number C 06-5494 CRB (PR) Shows Plaintiff
                  Had Ample Ability to Litigate that Action. ........................... 12

      D.    Plaintiff Fails to Show that He was Denied Access to the Courts in His
            Criminal Case. ........................... 13

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.          *J. Grigsby v. R. Horel, et al.*
                                                              C 07-2833 CRB

i

**TABLE OF CONTENTS  (continued)**

Page

IV. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS
HOREL, JACQUEZ, AND WILBER FOR FAILURE TO PROCESS HIS
ADMINISTRATIVE APPEALS.                                                  14

V. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.        15

   A.  Defendants are Entitled to Qualified Immunity Because Plaintiff Failed
to Show Defendants' Actions Violated a Constitutional Right.        15

   B.  Defendants are Entitled to Qualified Immunity Because It Would Not
Have Been Clear to Reasonable Officials that the Conduct at Issue was
Unlawful.                                                                      16

CONCLUSION                                                               17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                 *J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

ii

1

## TABLE OF AUTHORITIES

2
Page

3  **Cases**

4  *Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986)                                        5
5
   *Burns v. Reed*
6  500 U.S. 478 (1991)                                        15

7  *Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)                                        5
8
   *Crawford-El v. Britton*
9  523 U.S. 574 (1998)                                        16

10 *Dombrowski v. Eastland*
   387 U.S. 82 (1967)                                         5
11
   *First Nat'l Bank of Ariz. v. Cities Serv. Co.*
12 391 U.S. 253 (1968)                                        5

13 *Harlow v. Fitzgerald*
   457 U.S. 800 (1982)                                        15
14
   *Jeffers v. Gomez*
15 267 F.3d 895 (9th Cir. 2001)                               16

16 *Lewis v. Casey*
   518 U.S. 343 (1996)                                        9-14
17
   *Mann v. Adams*
18 855 F.2d 639 (9th Cir. 1988)                               14

19 *Monell v. Dep't of Social Services*
   436 U.S. 658 (1978)                                        8
20
   *O'Keefe v. Van Boening*
21 82 F.3d 322 (9th Cir. 1996)                                6

22 *Palmer v. Sanderson*
   9 F.3d 1433 (9th Cir. 1993)                                8
23
   *Ramirez v. Galaza*
24 334 F.3d 850 (9th Cir. 2003)                               14

25 *Ruffin v. County of Los Angeles*
   607 F.2d 1276 (9th Cir. 1979)                              5
26
   *Saucier v. Katz*
27 533 U.S. 194 (2001)                                        15, 16
28

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.          *J. Grigsby v. R. Horel, et al.*
                                                              C 07-2833 CRB

iii

## TABLE OF AUTHORITIES  (continued)

Page

*Steckl v. Motorola, Inc.*
703 F.2d 392 (9th Cir. 1983)    5

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989)    8

**Constitutional Provisions**

United States Constitution
    First Amendment    2, 3, 5, 7-11, 13, 14, 17

**Statutes**

United States Code, Title 28
    § 1915A    2

United States Code, Title 42
    § 1983    2, 3, 8-12

**Court Rules**

Federal Rule of Civil Procedure
    Rule 56(c)    1, 5

**Other Authorities**

California Code of Regulation, Title 15
    §§ 3141-3144    3, 6, 7

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.

*J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

iv

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  LISA SCIANDRA, State Bar No. 246532
   Deputy Attorney General
6     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
7     Telephone: (415) 703-5846
      Fax: (415) 703-5480
8     Email: Lisa.Sciandra@doj.ca.gov

9  Attorneys for Defendants Horel, Wilber, Carrier, and
   Jacquez[1/]
10

11
                 IN THE UNITED STATES DISTRICT COURT
12
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15  **JONATHAN W. GRIGSBY,**                    Case No. C 07-2833 CRB

16                               Plaintiff,     **MEMORANDUM OF POINTS
                                                AND AUTHORITIES IN**
17              v.                              **SUPPORT OF DEFENDANTS'
                                                MOTION FOR SUMMARY**
18  **ROBERT HOREL, et al.,**                   **JUDGMENT**

19                              Defendants.     (No hearing pursuant to August
                                                28, 2007, Order of Service)
20

21      TO PLAINTIFF JONATHAN W. GRIGSBY, PRO SE:

22      PLEASE TAKE NOTICE that pursuant to Rule 56(c) of the Federal Rules of Civil

23  Procedure, Defendants Horel, Wilber, Carrier, and Jacquez move this Court for summary

24  judgment on the ground that there is no genuine issue as to any material fact, and that the moving

25  party is entitled to judgment as a matter of law because: (1) Plaintiff fails to show that

26

27  _____

28      1. To the best knowledge of the Attorney General's Office, Defendant Miller has not been
    served, and so the Attorney General's Office makes no appearance on his or her behalf.

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.          *J. Grigsby v. R. Horel, et al.*
                                                                      C 07-2833 CRB

1  confidential legal mail was opened and read in violation of the First Amendment; (2) Plaintiff's

2  access to the courts claim fails because he was not denied access to the courts in violation of the

3  First Amendment; (3) Plaintiff fails to state a claim for failure to process his administrative

4  appeals; and (4) Defendants are entitled to qualified immunity.  This motion is submitted on the

5  record without oral argument unless otherwise ordered by the Court.  (Order of Service, Aug. 28,

6  2007, at 5 ¶ 21-22.)

7       This motion is based on this Notice of Motion and Motion, the following Memorandum of

8  Points and Authorities, the supporting declarations and attached exhibits, this Court's file, and

9  any matters properly before this Court.

10              **MEMORANDUM OF POINTS AND AUTHORITIES**

11                        **INTRODUCTION**

12      Plaintiff Jonathan W. Grigsby (Plaintiff), a state prisoner in the custody of the California

13  Department of Corrections and Rehabilitation (CDCR), filed an action under 42 U.S.C. § 1983

14  against Defendants Horel, Wilber, Carrier, and Jacquez (Defendants) alleging mail tampering and

15  interference with ongoing court actions while incarcerated at Pelican Bay State Prison (Pelican

16  Bay).  This Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and recognized those

17  claims but dismissed Plaintiff's claim for failure to process administrative appeals.  (Order of

18  Service, Docket No. 13 at 2:17-25.)

19                        **SUMMARY OF ARGUMENT**

20      First, Plaintiff's mail tampering claim fails because he fails to show that any defendant

21  opened or read confidential legal mail in violation of the First Amendment.  Second, Plaintiff's

22  access to the courts claim fails because he was not denied access to the courts in violation of the

23  First Amendment.  Third, Plaintiff fails to state a claim against Defendants Horel, Jacquez, and

24  Wilber for failure to process administrative appeals.  Lastly, Defendants are entitled to qualified

25  immunity.

26      Because no genuine issue of material fact is at issue in this action, Defendants move for

27  summary judgment.

28  ///

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.          *J. Grigsby v. R. Horel, et al.*
                                                               C 07-2833 CRB

1

## STATEMENT OF ISSUES

2    Under the First Amendment, the opening and inspecting of confidential legal mail outside

3   the presence of an inmate may have a chilling effect on the constitutional right to petition

4   government.  The First Amendment also protects inmates' access to the courts for direct criminal

5   appeals, habeas petitions, and civil rights actions brought under 42 U.S.C. § 1983 when the

6   inmate can show that denial of access to the courts caused an actual injury.  There is no

7   constitutional right to a prison administrative appeal system.  Plaintiff offers no evidence that

8   confidential legal mail was opened outside his presence or that it met the criteria under CDCR

9   regulations for "confidential" mail.  Plaintiff alleges that he was denied access to the courts in

10  two small claims tort cases, a civil rights case, and a criminal case, but Plaintiff does not allege

11  that any defendant in this action caused an actual injury in any of those cases.

12    1.    Was Plaintiff's mail opened and read in violation of the First Amendment?

13    2.    Was Plaintiff denied access to the courts in violation of the First Amendment?

14    3.    Was Defendants' alleged failure to process Plaintiff's administrative appeals

15  unconstitutional?

16

## STATEMENT OF UNDISPUTED FACTS

17  1.  Plaintiff has a high volume of incoming and outgoing legal mail.  (Decl. Barlow at Ex. D.)

18  2.  CDCR has polices and procedures for the handling of confidential legal mail.  (Compl. at

19      unnumbered handwritten page 11 ¶¶ 64-67; Decl. Barlow at Ex. E); Cal. Code Regs. tit. 15,

20      §§ 3141-3144.  These require that to be processed as "confidential" legal mail, the envelope

21      must bear the sender's name or title and return address.  (Decl. Barlow at Ex. E); Cal. Code

22      Regs. tit. 15, § 3143.

23  3.  In June and July 2006, Plaintiff received mail from the State Bar of California and from law

24      firm Rosen, Bien and Asaro that did not bear the name or title of the sender on the envelope.

25      (Decl. Sciandra at Ex. B.)

26  4.  Plaintiff litigated small claims case number C1CL06-2139 in Del Norte County Superior

27      Court.  (Compl. at unnumbered handwritten page 7 ¶¶ 37-40; Decl. Barlow at ¶ 4.)  This

28      was a tort action in which Plaintiff alleged that he was attacked by officers at Pelican Bay.

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                       C 07-2833 CRB

1    (Decl. Barlow at ¶ 4a.)  The case was dismissed in part because Plaintiff failed to comply

2    with the Tort Claims Act, California Government Code section 900, et seq., which requires

3    that a plaintiff file a tort claim with the California Victim Compensation and Government

4    Claims Board before filing suit against any state employee or agency.  (*Id.* at ¶ 4b.)

5  5.    Pelican Bay Litigation Coordinator Barlow was involved in the defense of small claims case

6    number C1CL06-2139.  (Compl. at unnumbered handwritten page 7 ¶¶ 37-40 and 8 ¶ 43;

7    Decl. Barlow at ¶¶ 4, 4b, Ex. A.)

8  6.    Litigation Coordinator Barlow's duties include representing Pelican Bay employees in small

9    claims court.  (*Id.* at ¶ 2d.)  His duties also include serving Pelican Bay employees who have

10    been subpoenaed.  (*Id.* at ¶ 2b.)  As such, he is generally aware of all litigation brought by

11    current and former inmates against Pelican Bay employees.  (*Id.* at 3.)

12  7.    Plaintiff litigated small claims case number C1CL06-2221 in Del Norte County Superior

13    Court.  (Compl. at unnumbered handwritten page 8 ¶ 50 to 9 ¶ 55; Decl. Barlow at ¶ 5.)  In

14    that case a correctional officer filed suit against Plaintiff for punching and injuring him.

15    (Decl. Barlow at ¶ 5a.)  The court found for the correctional officer and awarded damages.

16    (*Id.*)

17  8.    Plaintiff was also prosecuted by Del Norte County for the attack on the correctional officer.

18    (Compl. at unnumbered handwritten page 5 ¶ 25, 8 ¶ 49, 11 ¶ 69, 12 ¶ 70; Decl. Barlow at ¶

19    6.)

20  9.    Plaintiff litigated U.S. District Court, Northern District of California, case number C 06-

21    5494 CRB (PR) before this Court.  (Compl. at unnumbered handwritten page 5 ¶¶ 23-28, 14

22    ¶ 85; Req. for Jud. Not. at Exs. A-E.)  The action was dismissed because Plaintiff failed to

23    exhaust his administrative remedies before filing suit.  (Req. for Jud. Not. at Ex. B.)

24  10.  After this Court dismissed case number C 06-5494 CRB (PR) on February 26, 2007,

25    Plaintiff filed several letters and requests, which the Court construed as a motion for

26    reconsideration.  (*Id.* at Exs. A-E.)  This Court twice denied Plaintiff's motions to

27    reconsider for lack of merit.  (*Id.* at Exs. D-E.)  In total, Plaintiff filed twenty-three of the

28    twenty-seven docket items in the case.  (*Id.* at Ex. A.)

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                   *J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**I.**

**LEGAL STANDARDS FOR SUMMARY JUDGMENT.**

Summary judgment is appropriate "where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its initial burden, entry of summary judgment is mandated where the nonmoving party fails to "set forth specific facts showing that there remains a genuine issue for trial" and evidence "significantly probative as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (internal quotation marks omitted) (citing *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979)).

If the evidence presented by the nonmoving party is "merely colorable, . . . or is not sufficiently probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted; citing *Dombrowski v. Eastland*, 387 U.S. 82 (1967) (per curiam), and *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). There is no triable issue of fact unless the nonmoving party submits sufficient evidence for a jury to return a verdict in the nonmoving party's favor. *Id.* at 249.

**II.**

**PLAINTIFF FAILS TO SHOW THAT HIS MAIL WAS TAMPERED WITH IN VIOLATION OF THE FIRST AMENDMENT.**

Plaintiff is incorrect in his unsupported allegations based on information and belief that Defendant Carrier opened and read confidential legal mail. Moreover, Plaintiff fails to show that his mail was tampered with in violation of the First Amendment.

///

///

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                  *J. Grigsby v. R. Horel, et al.*

**A.    Plaintiff Fails to Show that Any Legal Mail which May Have Been Opened by Defendant Carrier Actually Met the Criteria Under CDCR Regulations for "Confidential Mail."**

The Ninth Circuit has held that opening and inspecting legal mail outside the presence of an inmate may have a chilling effect on the constitutional right to petition government. *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996). The Court in *O'Keefe*, however, did not consider whether the inmate's constitutional rights had been chilled because the prison had legitimate penological interests in justifying its mail policy. *Id.* CDCR policy states that the "privacy of correspondence between inmates and persons outside correctional facilities shall not be invaded except as may be necessary to prevent physical injury to persons and to maintain the security of correctional facilities and the community." *Id.* at 3130. Thus the CDCR has legitimate penological interests in maintaining security that justify its policy of inspecting legal mail for contraband.

It is CDCR policy to preserve the confidentiality of legal mail, and to open and inspect such mail for contraband only in the presence of the inmate. Cal. Code Regs. tit. 15, § 3144. Any incoming mail which qualifies as "confidential mail" will be opened in the presence of the inmate. *Id.* at §§ 3141-3144. Under CDCR regulations, an inmate may correspond confidentially with persons and staff members of persons including, as relevant to Plaintiff's allegations: all state and federal judges and courts; an attorney listed with a state bar association; and "legal service organizations" such as the American Civil Liberties Union and the Prison Law Office. *Id.* at § 3141(c). Incoming mail from these entities will be processed as confidential correspondence *only* if the envelope bears the name or title and a return address of a sender listed in Section 3141. *Id.* at § 3143. Any such mail that does not include the name or title of the sender will be processed as *non*-confidential correspondence. *Id.*; *(see also* Decl. Barlow at Ex. E).

Plaintiff alleges that Defendant Carrier opened and read confidential mail sent from the Commission on Judicial Performance, "legitimate legal services," the Del Norte County Superior Court, the law firm of Rosen, Bien and Galvan, and the State Bar. (Compl. at unnumbered handwritten page 4 ¶ 21; 13 ¶ 77.) Plaintiff offers no evidence that Defendant Carrier actually

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.

6

*J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

1  opened or read these particular items of correspondence—or that this correspondence even

2  existed.  Moreover, Plaintiff fails to show that these alleged items of correspondence meet the

3  criteria for "confidential mail" under CDCR regulations.

4      Plaintiff has a high volume of incoming and outgoing legal mail, not all of which meets the

5  criteria for confidential mail. (Stmt. Facts at ¶¶ 1-3.)  For example, Plaintiff received a letter

6  from the State Bar of California that was postmarked June 14, 2006. (Decl. Sciandra at Ex. B.)

7  This item of correspondence is not confidential mail because it does not include the name or title

8  of the individual sender. (*Id.*)  Plaintiff also received letters from law firm Rosen, Bien and

9  Asaro on June 30, 2006, and July 13, 2006. (*Id.*)  Even though these envelopes bear a stamp

10  saying "confidential legal mail," they do not meet the criteria under CDCR regulations for

11  confidential mail because they do not include the name or title of the individual sender. (*Id.*); *see*

12  *also* Cal. Code Regs., tit. 15, § 3143; (Decl. Barlow at Ex. E).  Therefore, the mere fact that

13  Plaintiff's alleged legal mail may have been opened and read does not necessarily mean that

14  Plaintiff's *confidential* legal mail was opened and read.

15      Thus because Plaintiff fails to show that Defendant Carrier opened and read confidential

16  legal mail in violation of the First Amendment, Defendants are entitled to summary judgment on

17  Plaintiff's claim as a matter of law.

18

**B.    Plaintiff Fails to Show that Defendant Carrier Opened and Read His Legal Mail**
19  **and Told Litigation Coordinator Barlow About Plaintiff's Small Claims Cases.**

20      Plaintiff alleges based on information and belief that Defendant Carrier opened and read

21  confidential legal mail. (Compl. at unnumbered handwritten pages 4 ¶ 20; 7 ¶ 42; 11 ¶ 69.)

22  Additionally, Plaintiff alleges that he formed this belief based on his assumption that Pelican Bay

23  Litigation Coordinator Barlow would not have known about Plaintiff's small claims cases

24  involving correctional staff (small claims case numbers 06-2139 and 06-2221 in Del Norte

25  County Superior Court) unless Defendant Carrier had read Plaintiff's confidential legal mail and

26  told  Litigation Coordinator Barlow about Plaintiff's small claims cases. (*Id.* at 4 ¶ 22; 7 ¶ 37-

27  42; 13 ¶ 77.)  Plaintiff offers no other evidence that Defendant Carrier actually opened or read

28  confidential legal mail.  Although Plaintiff references several exhibits in his Complaint, he did

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.

*J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

7

1    not serve any of those exhibits on Defendants. (*See Id.* at 10-14.) As discussed in section II.A.

2    above, Plaintiff's allegations regarding mail tampering by Defendant Carrier have no merit.

3        Plaintiff is wrong in his assumption that Litigation Coordinator Barlow knew about

4    Plaintiff's small claims cases because Defendant Carrier had read Plaintiff's confidential legal

5    mail and told Barlow about those cases. As his job title implies, Litigation Coordinator Barlow

6    is generally aware of all litigation brought by current and former inmates against Pelican Bay

7    employees. (Stmt. Facts at ¶ 6.) He receives service for all such litigation and is involved in the

8    defense of small claims cases brought by inmates against Pelican Bay employees. (*Id.*)

9    Therefore, the fact that Litigation Coordinator Barlow knew about Plaintiff's small claims cases

10    does not prove—or even suggest—that Defendant Carrier was reading Plaintiff's confidential

11    legal mail and telling Barlow about Plaintiff's cases.

12        Thus because Plaintiff fails to show that Defendant Carrier tampered with his legal mail in

13    violation of the First Amendment, Defendants are entitled to summary judgment on Plaintiff's

14    claim as a matter of law.

15
16    **C.    Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Against Defendants Horel
         and Jacquez for Mail Tampering.**

17        Plaintiff's allegations against Defendants Warden Horel and Associate Warden Jacquez are

18    unclear, but Plaintiff appears to premise Defendant Horel and Jacquez's liability for mail

19    tampering on a theory of either *respondeat superior* or vicarious liability. The law, however, is

20    clear that neither of these theories are available in an action brought under 42 U.S.C. § 1983.

21    *Monell v. Dep't of Social Services*, 436 U.S. 658, 692 (1978); *Palmer v. Sanderson*, 9 F.3d 1433,

22    1437-38 (9th Cir. 1993). A supervisor, like both Warden Horel and Associate Warden Jacquez,

23    is "only liable for constitutional violations of his subordinates if the supervisor participated in or

24    directed the violations, or knew of the violations and failed to prevent them." *Taylor v. List*, 880

25    F.2d 1040, 1045 (9th Cir. 1989).

26        Here, Plaintiff alleges based on information and belief that Defendants Warden Horel and

27    Associate Warden Jacquez and their unspecified subordinates "who will be name[d] later and in

28    the complaint" took Plaintiff's confidential legal mail and used it to interfere with his small

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                                    C 07-2833 CRB

1    claims case number C1CL06-2139. (Compl. at unnumbered handwritten page 3 ¶¶ 14-15.) The

2    unspecified subordinates Plaintiff refers to are presumably Defendant Carrier and Litigation

3    Coordinator Barlow, because Plaintiff makes similar allegations against these individuals later in

4    his Complaint. (*See e.g. id.* at 4 ¶ 22; 7 ¶¶ 37-38; 13 ¶ 77.)  As discussed in sections II.A. and

5    II.B. above, however, Plaintiff's allegations regarding mail tampering by Defendant Carrier and

6    Litigation Coordinator Barlow have no merit.  Moreover, Plaintiff's unsupported allegations

7    against Defendants Horel and Jacquez are conclusory and based entirely on his own inferences

8    about the actions of subordinate employees.

9        Thus because Plaintiff fails to state a claim against Defendants Horel and Jacquez under 42

10    U.S.C. § 1983, Defendants are entitled to summary judgment on Plaintiff's claim as a matter of

11    law.

12

13                                            **III.**

14    **PLAINTIFF FAILS TO SHOW THAT HE WAS DENIED ACCESS TO THE
     COURTS IN VIOLATION OF THE FIRST AMENDMENT.**

15        Plaintiff is incorrect in his unsupported allegations that he was denied access to the courts in

16    violation of the First Amendment.  Moreover, Plaintiff fails to show that he was actually injured

17    as a result of any act or omission by any defendant in this action.

18        The constitutional right of access to the courts is limited to direct criminal appeals, habeas

19    petitions, and civil rights actions under 42 U.S.C. § 1983. *Lewis v. Casey,* 518 U.S. 343, 354-55

20    (1996).  The Court in *Lewis* further held that inmates must only be provided with the tools "the

21    inmates need in order to attack their sentences, directly or collaterally, and in order to challenge

22    the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of

23    the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at

24    355 (emphasis and punctuation in original).

25        Additionally, to state a claim for denial of access to the courts, a prisoner must show actual

26    injury. *Id.* at 351-52.  An "actual injury" is "actual prejudice with respect to contemplated or

27    existing litigation, such as the inability to meet a filing deadline or present a claim." *Id.* at 348.

28        Here, Plaintiff fails to show that Defendants denied his access to the courts in a direct

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                                                C 07-2833 CRB

9

1   criminal appeal, habeas petition, or civil rights action.  Plaintiff also fails to show a single

2   instance in which he suffered any actual prejudice with respect to his ongoing litigation.

3   Plaintiff's allegations, taken as true, do not show "that an actionable claim . . . which he desired

4   to bring, has been lost or rejected, or that the presentation of such a claim is currently being

5   prevented, because this capability of filing suit has not been provided." *See id.* at 356.

6

   **A.  Plaintiff Fails to Show that He was Denied Access to the Courts in Small Claims**
7       **Case Number C1CL06-2139.**

8        Plaintiff fails to state a claim for denial of access to the courts in small claims case number

9   C1CL06-2139.  Plaintiff alleges that Defendant Carrier gave Litigation Coordinator Barlow

10  Plaintiff's "letter or information" regarding this small claims action against correctional staff at

11  Pelican Bay, and that Barlow used the "letter or information" to somehow interfere with

12  Plaintiff's ability to litigate the case.  (Compl. at unnumbered handwritten pages 4 ¶ 22; 7 ¶ 37 to

13  8 ¶ 43; 13 ¶ 78-80.)  Small claims case number C1CL06-2139 was a tort action that was

14  dismissed in part because Plaintiff failed to comply with the Tort Claims Act, California

15  Government Code section 900, et seq., which requires that a plaintiff file a tort claim with the

16  California Victim Compensation and Government Claims Board before filing suit against any

17  state employee or agency.  (Stmt. Facts at ¶ 4.)

18       Plaintiff fails to state a claim for denial of access to the courts in small claims case number

19  C1CL06-2139 because: (1) the small claims case was a tort action—not a civil rights action

20  under 42 U.S.C. § 1983—and it thus is not protected by the constitutional guarantee of access to

21  the courts (*Lewis*, 518 U.S. at 354-55); and (2) Plaintiff fails to allege that he was actually injured

22  as a result of any act or omission by any defendant in this action.

23       Thus because Plaintiff fails to show that he was denied access to the courts in violation of

24  the First Amendment, Defendants are entitled to summary judgment on Plaintiff's claim as a

25  matter of law.

26  ///

27  ///

28  ///

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                                              *J. Grigsby v. R. Horel, et al.*
                                                                                                              C 07-2833 CRB

1

2     **B.**    **Plaintiff Fails to Show that He was Denied Access to the Courts in Small Claims Case Number C1CL06-2221.**

3     Plaintiff fails to state a claim for denial of access to the courts with regard to small claims

4 case number C1CL06-2221. This small claims case was filed by a correctional officer against

5 Plaintiff for punching and injuring him. (Stmt. Facts at ¶ 7.) Plaintiff alleges that Defendant

6 Carrier gave Litigation Coordinator Barlow information from Plaintiff's letters to the

7 Commission on Judicial Performance, Legal Services for Children of Prisoners, and the State

8 Bar—which Plaintiff alleges contained his strategy for litigating small claims case number

9 C1CL06-2221—and that Barlow used this information to somehow interfere with Plaintiff's

10 ability to litigate this case. (Compl. at unnumbered handwritten pages 13 ¶ 77; 8 ¶ 50 to 9 ¶ 55.)

11     Like the other small claims case discussed above, Plaintiff fails to state a claim for denial of

12 access to the courts in small claims case number C1CL06-2221 because: (1) this small claims

13 case was a civil—not criminal—action brought against Plaintiff and thus is not protected by the

14 constitutional guarantee of access to the courts (*Lewis*, 518 U.S. at 354-55); and (2) Plaintiff fails

15 to allege that he was actually injured as a result of any act or omission by any defendant in this

16 action.

17     Thus because Plaintiff fails to show that he was denied access to the courts in violation of

18 the First Amendment, Defendants are entitled to summary judgment on Plaintiff's claim as a

19 matter of law.

20

21     **C.**    **Plaintiff Fails to Show that He was Denied Access to the Courts in U.S. District Court, Northern District of California, Case Number C 06-5494 CRB (PR).**

22         **1.**    **Plaintiff Makes No Direct Allegations Against Any Defendant in this Action.**

23     Plaintiff fails to state a claim for denial of access to the courts with regard to the action he

24 filed under 42 U.S.C. § 1983 in U.S. District Court, Northern District of California, case number

25 C 06-5494 CRB (PR). That case was in this Court. In his Complaint in the present action,

26 Plaintiff makes no direct allegations that any defendants denied him access to the courts in case

27 Number C 06-5494 CRB (PR). Instead, he makes the following allegations:

28     First, Plaintiff alleges he mailed an inmate appeal along with an amended civil complaint

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.            *J. Grigsby v. R. Horel, et al.*
                                                              C 07-2833 CRB

1   for case number C 06-5495, but "I received from District Court [the] case number was C065494

2   which I've file[d] letters seeking understanding [sic]." (Compl. at unnumbered handwritten page

3   5 ¶ 23.) Plaintiff further alleges that he did not receive a response or acknowledgment from the

4   Court, which Plaintiff says "can be taken as mail room violating my rights again or District Court

5   refusing to respond." (*Id.*) Thus Plaintiff admits that his allegations do not show he was denied

6   access to the courts.

7       Second, Plaintiff alleges that on January 4, 2007, he filed a request for a temporary

8   restraining order/preliminary injunction, to which did not receive a certified copy even though he

9   sent two copies to the Court. (*Id.* at 5 ¶ 24.) He further alleges that he wrote letters to the Court

10   seeking the status of his temporary restraining order but did not receive a response. (*Id.* at 5 ¶

11   26.) Thus Plaintiff fails to allege that he was actually injured as a result of any act or omission by

12   any defendant in this action. *See Lewis*, 518 U.S. at 351-52.

13       Lastly, Plaintiff alleges that on February 28, 2007, he wrote a letter to his mother asking her

14   to call the District Court to see why he had not received a response to his requests for the status

15   of his temporary restraining order, but that the very next day he received court papers saying his

16   suit had been dismissed. (*Id.* at 5 ¶ 26-27; 14 ¶ 85.) This timing, he alleges, was "very strange."

17   (*Id.* at 14 ¶ 85.) Thus Plaintiff fails to allege that he was actually injured as a result of any act or

18   omission by any defendant in this action. *See Lewis*, 518 U.S. at 351-52.

19

20       **2.   The Record in Case Number C 06-5494 CRB (PR) Shows Plaintiff Had
              Ample Ability to Litigate that Action.**

21       Although case number C 06-5494 CRB (PR) is an action under 42 U.S.C. § 1983, and thus

22   would be protected by the constitutional guarantee of access to the courts, Plaintiff fails to state a

23   claim for denial to access to the courts because: (1) he makes no direct allegations against any

24   defendant in this action; (2) he alleges no injury; and (3) the record in case number C 06-5494

25   CRB (PR) shows that Plaintiff's ability to litigate was not impeded. (*see* Defs.' Req. for Jud. Not.

26   at Ex. A).

27       The court docket for case number C 06-5494 CRB (PR) shows that Plaintiff filed twenty-

28   three of the twenty-seven docket items in that case. (Stmt. Facts at ¶ 10.) After this Court

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.            *J. Grigsby v. R. Horel, et al.*
                                                     C 07-2833 CRB

12

1  dismissed the action on February 26, 2007, for failure to exhaust administrative remedies,

2  Plaintiff filed what this Court characterized as "various letters and requests," which the Court

3  construed as a motion for reconsideration. (Stmt. Facts at ¶ 10; Req. for Jud. Not. at Exs. B-E.)

4  This Court *twice* denied Plaintiff's motions to reconsider for lack of merit. (Stmt. Facts at ¶ 10.)

5      Thus because Plaintiff fails to show that he was denied access to the courts in violation of

6  the First Amendment, Defendants are entitled to summary judgment on Plaintiff's claim as a

7  matter of law.

8
9  **D.    Plaintiff Fails to Show that He was Denied Access to the Courts in His Criminal Case.**

10     Plaintiff fails to state a claim for denial of access to the courts with regard to the criminal

11  case that was brought against him for attacking a correctional officer at Pelican Bay. Plaintiff's

12  allegations regarding his criminal case are unclear, but it does not appear that he makes any direct

13  allegations that any defendants in the present action denied him access to the courts in his

14  criminal case. Instead, he makes the following allegations:

15     First, Plaintiff alleges that "Again trial date comes and I'm not taken to court or anything on

16  October 2, 2006. But on October 5, 2006 I was suppose[d] to take a 3½ year plea barg[a]in."

17  (Compl. at unnumbered handwritten page 8 ¶ 46.) Thus Plaintiff fails to allege that he was

18  actually injured as a result of any act or omission by any defendant in this action. *See Lewis*, 518

19  U.S. at 351-52.

20     Second, Plaintiff alleges that "Next letter (exhibit 99) continue [sic] is from Rosen, Bien, &

21  Galvan law firm that[']s representing mental patients in Coleman, Hecker federal lawsuits. So for

22  P. Carrier to constantly keep opening these confidential legal mail letters coming and going

23  without given privilege information [sic] specially with knowledge I'm fighting criminal case 05-

24  5263." (*Id.* at 11 ¶ 69.) Plaintiff failed to serve the alleged Exhibit 99 on Defendants. It does

25  not appear that Plaintiff is making any allegation against Defendant Carrier except that she

26  opened his legal mail. As discussed in section II above, these allegations have no merit.

27     Third, Plaintiff alleges that Litigation Coordinator Barlow "used privileged information to

28  get my small claim dismissed #06-2139 and criminal case 055263 restitution totalling [sic]

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                        C 07-2833 CRB
                                    13

1    4,603.05." (*Id.* at 12 ¶ 70.) Thus Plaintiff fails to allege that he was actually injured as a result of

2    any act or omission by any defendant in this action. *See Lewis*, 518 U.S. at 351-52.

3        Lastly, Plaintiff alleges that "Based on information and belief P. Carrier gave or told Mr.

4    Barlow litigation officer coordinator who used that information to get small claim award for

5    officer Gutierrez also in criminal court #055263." (*Id.* at 13 ¶ 77.) It does not appear that

6    Plaintiff is making any allegation against Defendant Carrier except that she told Barlow about the

7    contents of Plaintiff's legal mail. As discussed in section II above, these allegations have no

8    merit.

9        Plaintiff fails to state a claim for denial of access to the courts regarding his criminal case

10   because: (1) his allegations are unclear; (2) his claims are unsupported; and (3) he fails to allege

11   that he was actually injured as a result of any act or omission by any defendant in this action (*See*

12   *Lewis*, 518 U.S. at 351-52). Thus because Plaintiff fails to show that he was denied access to the

13   courts in violation of the First Amendment, Defendants are entitled to summary judgment on

14   Plaintiff's claim as a matter of law.

15                                             **IV.**

16   **PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS HOREL,**
     **JACQUEZ, AND WILBER FOR FAILURE TO PROCESS HIS**
17   **ADMINISTRATIVE APPEALS.**

18       Plaintiff fails to state a claim against Defendants Horel, Jacquez, and Wilber for failure to

19   process his administrative appeals. Allegations for failure to process administrative appeals do

20   not state a cognizable claim for the violation of federal constitutional rights. *See Ramirez v.*

21   *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

22       Here, Plaintiff alleges that Defendants Warden Horel, Associate Warden Jacquez, and

23   Appeals Coordinator Wilber ignored his appeals regarding the processing of his legal mail.

24   (Compl. at unnumbered handwritten page 7 ¶ 36; 12 ¶ 71.) Thus, because there is no

25   constitutional right to a prison administrative appeal or grievance system, Plaintiff fails to state a

26   claim against Defendants Horel, Jacquez, and Wilber for failure to process his administrative

27   appeals.

28       Moreover, this Court has already dismissed Plaintiff's allegations regarding failure to

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                                    *J. Grigsby v. R. Horel, et al.*
                                                                                        C 07-2833 CRB

14

1  process administrative appeals.  (Order of Service, Docket No. 13, at 2:17-25.)  Therefore,

2  Defendants are entitled to summary judgment on Plaintiff's claim as a matter of law.

3  **V.**

4  **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

5      The defense of qualified immunity applies to "government officials performing

6  discretionary functions," who are "generally are shielded from liability for civil damages insofar

7  as their conduct does not violate clearly established statutory or constitutional rights of which a

8  reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation

9  omitted).  The rule of qualified immunity "provides ample protection to all but the plainly

10 incompetent or those who knowingly violate the law."  *Burns v. Reed*, 500 U.S. 478, 494-495

11 (1991) (citation omitted).

12      In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a sequence of

13 questions to be considered in determining whether qualified immunity is applicable.  First, a

14 Court must consider this threshold question: "Taken in the light most favorable to the party

15 asserting the injury, do the facts alleged show the officer's conduct violated a constitutional

16 right?"  *Id.* at 201.  If no constitutional right was violated under the alleged facts, the inquiry ends

17 and defendants prevail.  *Id.*  If, however, "a violation could be made out on a favorable view of

18 the parties' submissions," then the next sequential step is to ask whether the right was clearly

19 established.  *Id.*

20

21 **A.   Defendants are Entitled to Qualified Immunity Because Plaintiff Failed to Show
       Defendants' Actions Violated a Constitutional Right.**

22      The first step under *Saucier* is to determine whether, taken in the light most favorable to the

23 party asserting the injury, the facts alleged show that the officer's conduct violated a

24 constitutional right.  *Saucier*, 533 U.S. at 201.  As discussed in detail in sections II, II, and IV

25 above, Plaintiff fails to show that any Defendant's action violated his constitutional rights.

26 ///

27 ///

28 ///

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                     *J. Grigsby v. R. Horel, et al.*
                                                                          C 07-2833 CRB

1

2    **B.    Defendants are Entitled to Qualified Immunity Because It Would Not Have Been Clear to Reasonable Officials that the Conduct at Issue was Unlawful.**

3

4    Assuming arguendo that a constitutional violation could be found, then the next step under

5    *Saucier* is to ask whether the right violated was a clearly established right. More specifically, the

6    "relevant, dispositive inquiry in determining whether a right is clearly established is whether it

7    would be clear to a reasonable officer that his conduct was unlawful in the situation he

     confronted." *Id.* at 202.

8

9    Additionally, the Ninth Circuit has held that to prevail on a motion for summary judgment a

10   plaintiff "must put forward specific, nonconclusory factual allegations that establish improper

11   motive causing cognizable injury." *Jeffers v. Gomez*, 267 F.3d 895, 911 (9th Cir. 2001) (internal

12   quotation marks omitted) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). The

13   Supreme Court further held that to deny summary judgment any time a material issue of fact

14   remains on a claim could undermine the goal of qualified immunity to "avoid excessive

15   disruption of government and permit the resolution of many insubstantial claims on summary

16   judgment." *Saucier*, 533 U.S. at 202 (citing *Harlow*, 457 U.S. at 818).

17   Here, it would not have been clear to a reasonable officer that such conduct as alleged was

18   unlawful in the context of processing Plaintiff's legal mail. As described in section II above,

19   there is no evidence that any Defendant opened or read any of Plaintiff's legal mail which met

20   the criteria under CDCR regulations for "confidential" mail. Additionally, it would not have

21   been clear to Defendants that the regulations at issue were unlawful, if in fact they were.

22   Moreover, Plaintiff did not put forward any specific, nonconclusory factual allegations that

23   establish improper motive causing cognizable injury.

24   Thus because Defendants' actions did not violate a constitutional right, and because it

25   would not have clear to Defendants that their actions may have been unlawful in the context of

26   processing Plaintiff's legal mail, Defendants are entitled to qualified immunity.

///

27   ///

28

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                                    C 07-2833 CRB

16

1

## CONCLUSION

2    Plaintiff's mail tampering claim fails because he fails to show that any defendant opened

3  or read confidential legal mail in violation of the First Amendment.  Plaintiff's access to the

4  courts claim fails because he was not denied access to the courts in violation of the First

5  Amendment by any Defendant.  Plaintiff fails to state a claim against Defendants Horel, Jacquez,

6  and Wilber for failure to process administrative appeals.  Lastly, Defendants are entitled to

7  qualified immunity.

8    For these reasons, Defendants respectfully request that the Court grant their Motion for

9  Summary Judgment.

10    Dated:  November 26, 2007

11                          Respectfully submitted,

12                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

13                          DAVID S. CHANEY
                            Chief Assistant Attorney General
14
                            FRANCES T. GRUNDER
15                          Senior Assistant Attorney General

16                          MICHAEL W. JORGENSON
                            Supervising Deputy Attorney General

17

18

19

20                          LISA SCIANDRA
                            Deputy Attorney General
                            Attorneys for Defendants Horel, Wilber, Carrier, and Jacquez
21

22

23    20113186.wpd
      SF2007200839

24

25

26

27

28

Defs.' Not. of Mot. & Mot. for Summ. J.; Memo. P.&A.                    *J. Grigsby v. R. Horel, et al.*
                                                                         C 07-2833 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **J. Grigsby v. R. Horel, et al.**

No.:    **C 07-2833 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 26, 2007</u>, I served the attached

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**

**DECLARATION OF W. BARLOW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**

**DECLARATION OF L. SCIANDRA IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jonathan Grigsby (T-61830)
Salinas Valley State Prison
DMH
P.O. Box 1050
Soledad, CA 93960-1020
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 26, 2007, at San Francisco, California.

_____            _____
        M. Luna                                       
        Declarant                                      Signature