# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. GRIGSBY,     ) | |
|           Plaintiff(s),     ) | No. C 06-5494 CRB (PR) |
|     vs.                    ) | ORDER OF DISMISSAL |
| M. CASTELLAN, et al.,      ) | (Docs # 2, 3, 5, 7 , 9 & 10) |
|           Defendant(s).    ) | |

    Plaintiff, a State of California prisoner incarcerated at Pelican Bay State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. He seeks declaratory, injunctive and monetary relief. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff did not exhaust California's prison administrative process before filing suit, however.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the

California Department of Corrections. <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). <u>Id.</u> at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." <u>Id.</u> at 1120. Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit because the chief of inmate appeals treated his appeal to the final level of review as an original appeal to expedite the review process, rather than as an appeal of the rejection of his claims at the second level of review. Plaintiff alleges that he sent a second appeal to the Director's level of review before filing this suit. Unfortunately for plaintiff, his action must be dismissed without prejudice because it is well-established that a prisoner must exhaust California's administrative process before filing suit. It matters not that he may have exhausted at the Director's level of review since he first filed this action. See <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends his complaint to court it will be dismissed even if exhaustion is completed by time complaint is actually filed); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner exhausts while suit is pending). Nothing in the record compels a different result. <u>Cf.</u> <u>Booth</u>, 532 U.S. at 741 n.6

3

(courts should not read "futility or other exceptions" into § 1997e(a)).

Plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process through the final Director's level of review.

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see, e.g., docs # 3, 5, 7, 9 & 10) as moot, and close the file. No fee is due.

SO ORDERED.

DATED: Feb. 26 2007

CHARLES R. BREYER
United States District Judge

4