EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
LISA SCIANDRA, State Bar No. 246532
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5846
  Fax:  (415) 703-5480
  Email:  Lisa.Sciandra@doj.ca.gov

Attorneys for Defendants Horel, Wilber, Carrier, and Jacquez[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN W. GRIGSBY,<br><br>                              Plaintiff,<br><br>    v.<br><br>ROBERT HOREL, et al.,<br><br>                              Defendants. | Case No. C 07-2833 CRB<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(No hearing pursuant to August 28, 2007, Order of Service) |

### INTRODUCTION

Plaintiff Jonathan W. Grigsby (Plaintiff), a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), filed an action under 42 U.S.C. § 1983 against Defendants Horel, Wilber, Carrier, and Jacquez (Defendants) alleging mail tampering and interference with ongoing court actions while incarcerated at Pelican Bay State Prison (Pelican

---

     1. To the best knowledge of the Attorney General's Office, Defendant Miller has not been served, and so the Attorney General's Office makes no appearance on his or her behalf.

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.                                                                 *J. Grigsby v. R. Horel, et al.*
                                                                                                                                                          C 07-2833 CRB

1

Bay). This Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and recognized those claims but dismissed Plaintiff's claim for failure to process administrative appeals. (Order of Service, Docket No. 13 at 2:17-25.) Defendants moved for summary judgment and qualified immunity. (*See* Docket Nos. 22-26.) Plaintiff opposed Defendants' motion for summary judgment and qualified immunity (*see* Docket No. 43), and Defendants now reply.

## ARGUMENT

### I.

### PLAINTIFF FAILS TO SHOW THAT HIS MAIL WAS TAMPERED WITH IN VIOLATION OF THE FIRST AMENDMENT.

**A. Plaintiff Fails to Show that Any Legal Mail which May Have Been Opened by Defendant Carrier Actually Met the Criteria Under CDCR Regulations for "Confidential Mail."**

**1. CDCR Policy Regarding Confidential Mail.**

Plaintiff is wrong in his unsupported allegations based on information and belief that Defendant Carrier opened and read confidential legal mail. It is CDCR policy to preserve the confidentiality of legal mail, and to open and inspect such mail for contraband only in the presence of the inmate. Cal. Code Regs. tit. 15, § 3144. Any incoming mail which qualifies as "confidential mail" will be opened in the presence of the inmate. *Id.* at §§ 3141-3144. Under CDCR regulations, an inmate may correspond confidentially with persons and staff members of persons including, as relevant to Plaintiff's allegations: all state and federal judges and courts; an attorney listed with a state bar association; and "legal service organizations" such as the American Civil Liberties Union and the Prison Law Office. *Id.* at § 3141(c). Incoming mail from these entities will be processed as confidential correspondence *only* if the envelope bears the name or title and a return address of a sender listed in Section 3141. *Id.* at § 3143. Any such mail that does not include the name or title of the sender will be processed as *non*-confidential correspondence. *Id.*; (*see also* Decl. Barlow at Ex. E).

///

///

///

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.                    *J. Grigsby v. R. Horel, et al.*
                                                                                                  C 07-2833 CRB

2

### 2. Plaintiff Fails to Show that His Alleged Legal Mail Met the Criteria for "Confidential Mail."

Plaintiff alleges that Defendant Carrier opened and read confidential mail sent from the Commission on Judicial Performance, "legitimate legal services," the Del Norte County Superior Court, the law firm of Rosen, Bien and Galvan, and the State Bar. (Compl. at unnumbered handwritten page 4 ¶ 21; 13 ¶ 77.) Plaintiff offers no evidence that Defendant Carrier actually opened or read these particular items of correspondence—or that this correspondence even existed. Moreover, Plaintiff fails to show that these alleged items of correspondence met the criteria for "confidential mail" under CDCR regulations.

Plaintiff has a high volume of incoming and outgoing legal mail, not all of which meets the criteria for confidential mail. (MSJ, Stmt. Facts at ¶¶ 1-3.) For example, Plaintiff received a letter from the State Bar of California that was postmarked June 14, 2006. (Docket No. 24, Decl. Sciandra at Ex. B.) This item of correspondence is not confidential mail because it does not include the name or title of the individual sender. (*Id.*) Plaintiff also received letters from law firm Rosen, Bien and Asaro on June 30, 2006, and July 13, 2006. (*Id.*) Even though these envelopes bear a stamp saying "confidential legal mail," they do not meet the criteria under CDCR regulations for confidential mail because they do not include the name or title of the individual sender. (*Id.*); *see also* Cal. Code Regs., tit. 15, § 3143; (Docket No. 23, Decl. Barlow at Ex. E).

Additionally, Plaintiff attaches as Exhibit 99 to his Opposition copies of two envelopes from the American Civil Liberties Union that are addressed to Plaintiff. (Docket No. 43 at Ex. 99.) Even though these envelopes bear a stamp saying "Legal Mail Confidential," they do not meet the criteria under CDCR regulations for confidential mail because they do not include the name or title of the individual sender. (*Id.*); *see also* Cal. Code Regs., tit. 15, § 3143; (Docket No. 23, Decl. Barlow at Ex. E). Thus Plaintiff's own evidence shows that these items of legal mail are not *confidential* legal mail.

Therefore, the mere fact that Plaintiff's alleged legal mail may have been opened and read does not necessarily mean that Plaintiff's *confidential* legal mail was opened and read.

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.   J. Grigsby v. R. Horel, et al.
C 07-2833 CRB

3

### 3. Copies of Plaintiff's Legal Mail in Defendants' Exhibits Came from Plaintiff's CDCR Central File, Not from Plaintiff's Personal Property.

In his Opposition, Plaintiff wrongly alleges that Defendants went through his personal property, found his legal mail, and used it as evidence against him in their Motion for Summary Judgment. (*See* Docket No. 43 at 2-3.) Instead, as stated in counsel's declaration, the copies of three envelopes bearing Plaintiff's name and address as recipient that are attached as Exhibit B to counsel's declaration are true and correct copies of documents that came from Plaintiff's central file. (*See* Docket No. 24, Decl. Sciandra at 1 ¶ 2, Ex. B.) The central file is a master file maintained by CDCR that contains an individual inmate's records. Cal. Code Regs. tit. 15, § 3000. Therefore, documents obtained from Plaintiff's central file are not Plaintiff's personal property.

Because Plaintiff fails to show that Defendant Carrier opened and read any confidential legal mail in violation of the First Amendment, Defendants are entitled to summary judgment on Plaintiff's claim as a matter of law.

## II.

### PLAINTIFF FAILS TO SHOW THAT HE WAS DENIED ACCESS TO THE COURTS IN VIOLATION OF THE FIRST AMENDMENT.

Plaintiff is wrong in his unsupported allegations that he was denied access to the courts in violation of the First Amendment. Moreover, Plaintiff fails to show that he was actually injured as a result of any act or omission by any defendant in this action.

The constitutional right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights actions under 42 U.S.C. § 1983. *Lewis v. Casey,* 518 U.S. 343, 354-55 (1996). The Court in *Lewis* further held that inmates must only be provided with the tools "the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis and punctuation in original).

Additionally, to state a claim for denial of access to the courts, a prisoner must show actual

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.      *J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

4

injury. *Id.* at 351-52. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Id.* at 348.

Here, Plaintiff fails to show that Defendants denied his access to the courts in a direct criminal appeal, habeas petition, or civil rights action. Plaintiff also fails to show a single instance in which he suffered any actual prejudice with respect to his ongoing litigation. Plaintiff's allegations, taken as true, do not show "that an actionable claim . . . which he desired to bring, has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided." *See id.* at 356.

### A. Plaintiff Fails to Show that He was Denied Access to the Courts in Small Claims Case Number C1CL06-2139.

#### 1. Small Claims Case Number C1CL06-2139.

Plaintiff fails to state a claim for denial of access to the courts for small claims case number C1CL06-2139. In his Complaint, Plaintiff alleges that Defendant Carrier gave Litigation Coordinator Barlow Plaintiff's "letter or information" regarding this small claims action, and that Barlow used the "letter or information" to somehow interfere with Plaintiff's ability to litigate the case. (Compl. at unnumbered handwritten pages 4 ¶ 22; 7 ¶ 37 to 8 ¶ 43; 13 ¶ 78-80.)

Small claims case number C1CL06-2139 was a tort action that Plaintiff brought against correctional staff at Pelican Bay. (Docket No. 23, Decl. Barlow at 2 ¶ 4a.) Litigation Coordinator Barlow provided the defense for the correctional staff defendants. (*Id.* at 2 ¶ 4.) In his defense of this case, Barlow argued that the case should be dismissed because Plaintiff failed to comply with the Tort Claims Act, California Government Code section 900, et seq., which requires that a plaintiff file a tort claim with the California Victim Compensation and Government Claims Board (Board) before filing suit against any state employee or agency. (Docket No. 23, Decl. Barlow at 2 ¶ 4b, Ex. A.) More specifically, Barlow argued that he called the Board on September 6, 2006, and was told that Plaintiff had not submitted a claim. (Docket No. 23, Decl. Barlow at Ex. A.)

///

///

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.                                                                    *J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

5

### 2. Small Claims Tort Cases Like Case Number C1CL06-2139 are Not Protected by the Constitutional Guarantee of Access to the Courts.

In his Opposition Plaintiff alleges that, contrary to Litigation Coordinator Barlow's statements in his declaration, Plaintiff did file a tort claim with the Board. (Docket No. 43 at 1-2.) To support his allegation, Plaintiff offers as Exhibit 1 a copy of a letter that appears to be from the Board. (Docket No. 43 at Ex. 1.) The letter notes that it is in reference to claim G558437 for Jonathan "Grisby," and it is addressed to a Charles Carbone. (*Id.*) The letter does not describe the substance of claim G558437. (*Id.*) Plaintiff alleges that this letter shows "perjury and fabricated statements" in Defendants' Motion for Summary Judgment. (Docket No. 43 at 2.)

Plaintiff's allegations regarding small claims case number C1CL06-2139 fail to state a claim for denial of access to the courts for several reasons:

First and most significantly, the small claims case was a tort action in small claims court—not a federal civil rights action under 42 U.S.C. § 1983—and it therefore is not protected by the constitutional guarantee of access to the courts. *Lewis*, 518 U.S. at 354-55. Any allegations regarding small claims case number C1CL06-2139 are thus irrelevant to Plaintiff's claim for denial of access to the courts.

Second, Plaintiff still alleges no facts to show that he was actually injured as a result of any act or omission by any defendant in this action, because: (a) he does not allege any injury; and (b) Litigation Coordinator Barlow is not a defendant.

Lastly, even assuming arguendo that the letter in Plaintiff's Exhibit 1 actually concerns the claim that Plaintiff brought in small claims case number C1CL06-2139, then the letter still fails to show that there were "perjury and fabricated statements" in Defendants' Motion for Summary Judgment. The letter in Plaintiff's Exhibit 1 is addressed to a Charles Carbone and also misspells Plaintiff's last name as "Grisby," omitting the second letter G from "Grigsby." (Docket No. 43 at Ex. 1.) Therefore it is likely that when Litigation Coordinator Barlow called the Board on September 6, 2006, to check whether Plaintiff had filed a claim, the Board was unable to locate this claim because it was recorded under either the name of Charles Carbone or

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.    *J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

6

the misspelled name of Jonathan "Grisby."

Thus because Plaintiff fails to show that he was denied access to the courts in violation of the First Amendment, Defendants are entitled to summary judgment on Plaintiff's claim as a matter of law.

## CONCLUSION

Plaintiff's mail tampering claim fails because he fails to show that any defendant opened or read confidential legal mail in violation of the First Amendment. Plaintiff's access to the courts claim fails because he was not denied access to the courts in violation of the First Amendment by any Defendant. Plaintiff fails to state a claim against Defendants Horel, Jacquez, and Wilber for failure to process administrative appeals. Lastly, Defendants are entitled to qualified immunity.

For these reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment.

Dated: February 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

LISA SCIANDRA
Deputy Attorney General
Attorneys for Defendants Horel, Wilber, Carrier, and Jacquez

40213546.wpd
SF2007200839

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Summ. J.

*J. Grigsby v. R. Horel, et al.*
C 07-2833 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **J. Grigsby v. R. Horel, et al.**

No.:   **C 07-2833 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 14, 2008, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jonathan Grigsby (T-61830)
Salinas Valley State Prison
DMH
P.O. Box 1050
Soledad, CA 93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 14, 2008, at San Francisco, California.

|  M. Luna  |  *[signature]*  |
|---|---|
|  Declarant  |  Signature  |

40218305.wpd