1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


JONATHAN W. GRIGSBY,                    )
                                        )
            Plaintiff(s),               )      No. C 07-2833 CRB (PR)
                                        )
     vs.                                )      ORDER GRANTING
                                        )      DEFENDANTS' MOTION FOR
ROBERT HOREL, et al.,                   )      SUMMARY JUDGMENT
                                        )
            Defendant(s).               )      (Doc # 22)
_____         )


        Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") and frequent

litigant in this court, filed the instant pro se civil rights action under 42 U.S.C. §

1983 alleging that prison officials improperly opened and read his legal mail,

interfered with his ongoing court actions and failed to process his inmate

administrative appeals.  Per order filed on August 28, 2007, the court found that

plaintiff's allegations of mail tampering and interference with ongoing court

actions stated cognizable claims under § 1983, when liberally construed, and

ordered the United States Marshal to serve the named defendants.  The court

dismissed plaintiff's allegations of failure to process his inmate administrative

appeals for failure to state a claim under § 1983.  See Aug. 28, 2007 Order at 2.

        Defendants now move for summary judgment on the ground that there are

no material facts in dispute and that they are entitled to judgment as a matter of

law.  They also claim that they are entitled to qualified immunity.  Plaintiff has

filed an opposition and defendants have filed a reply.

**DISCUSSION**

A.    Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

B.    Analysis

Plaintiff alleges that prison officials opened and read his legal mail, and used it to interfere with his ongoing court actions.

1.    <u>Mail tampering</u>

Opening and inspecting  "legal mail" outside the presence of a

prisoner may have an impermissible "chilling" effect on the constitutional right to

petition the government.  <u>See</u> <u>O'Keefe v. Van Boening</u>, 82 F.3d 322, 325 (9th Cir.

1996) (citing <u>Laird v. Tatum</u>, 408 U.S. 1, 11 (1972)).  If the prisoner

demonstrates a chilling effect, prison officials must establish that legitimate

penological interests justify the policy or practice.  <u>See</u> <u>id.</u> at 327.

Only "legal mail" is subject to the rationale of <u>O'Keefe</u>.  Prison officials

may open and inspect mail to a prisoner from courts outside the prisoner's

presence because mail from courts, as opposed to mail from a prisoner's lawyer,

is not "legal mail."  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996),

<u>amended</u>, 135 F.3d 1318 (9th Cir. 1998).  Mail issued by a court is a matter of

public record and can be accessed by prison officials through traditional means.

<u>Id.</u>  In addition, mail sent to prisoners from public agencies, public officials, news

media and recognized civil rights groups falls within the ambit of  "media mail,"

not "legal mail."  <u>Mann v. Adams</u>, 846 F.2d 589, 590 (9th Cir. 1988).  "Media

mail" is not entitled to any special preference in the face of prison security

considerations.  <u>Id.</u>

California Department of Corrections and Rehabilitation ("CDCR")

regulations seek to preserve the confidentiality of legal mail by requiring that

"confidential mail" be opened and inspected for contraband only in the presence

of the inmate.  Cal. Code Regs. tit. 15, § 3144.  Inspecting correctional officers

may not read the contents of confidential mail.  <u>Id.</u>

Under the regulations, an inmate may correspond confidentially with

persons and staff members of persons listed in Section 3141, which includes

attorneys listed with a state bar association and employees of legal services

3

organizations such as the American Civil Liberties Union and the Prison Law Office. Id. § 3141(c). Incoming mail will be processed as confidential mail if the envelope "bears the name or title and a return address of persons and the office of persons listed in Section 3141." Id. § 3143. Incoming mail bearing only a department, agency or office return address without any reference to the name or title of the persons listed in Section 3141 will be processed by designated employees as non-confidential mail. Id.; see also Barlow Decl. Ex. E (CDCR memorandum showing approved and disapproved samples of purported confidential mail).

Plaintiff alleges that mail room supervisor P. Carrier opened and read confidential mail sent to him by the Commission on Judicial Performance, "legitimate legal services," the Del Norte County Superior Court, the law firm of Rosen, Bien and Galvan, and the State Bar of California. Plaintiff sets forth no evidence that Carrier actually opened and read any "legal mail" and thereby "chilled" plaintiff's First Amendment right to petition the government.

It is undisputed that plaintiff has a high volume of incoming and outgoing mail, not all of which meets the criteria for "legal mail" or "confidential mail." The cited incoming mail from the Commission on Judicial Performance, Del Norte County Superior Court and the State Bar of California is not material because it was not "legal mail." See Keenan, 83 F.3d at 1094 (mail issued by courts and similar agencies generally a matter of public record which can be accessed by prison officials through traditional means). The mail at issue consists of two letters from the law firm of Rosen, Bien and Asaro received on June 30, 2006 and July 13, 2006, and two envelopes from the American Civil Liberties Union received on March 6, 2007 and March 20, 2007. All four pieces of mail were stamped "confidential legal mail" by the senders, but were found not

4

to meet the criteria for confidential mail under the CDCR regulations because none of the pieces included the name or title of the individual sender.  (A handful of additional pieces of mail attached to plaintiff's unsolicited supplemental opposition were also found not to meet the criteria for confidential mail because none included the name or title of the individual sender.)

Defendants argue that they are entitled to summary judgment because plaintiff has provided no evidence that Carrier opened and read a  piece of mail that met the criteria for confidential mail under CDCR regulations.  But whether Carrier complied with the regulations is not the determinative question  here; rather, it is whether there is a genuine issue for trial that Carrier opened and read plaintiff's "legal mail" and thereby "chilled" plaintiff's First Amendment right to petition the government.  See O'Keefe, 82 F.3d at 325-27.  There is not.  Plaintiff has not set forth any evidence that the envelopes in the record from the Rosen, Bien and Asaro law firm and the ACLU (or similar envelopes attached to his unsolicited supplemental opposition) involved legal correspondence from plaintiff's attorney or some other confidential legal source so that the correspondence being opened and read chilled his right to petition the government.  Cf. id. at 325.  Nor has plaintiff set forth any evidence that Carrier (or any other named defendant) actually opened and read the mail at issue.

Plaintiff's contention that litigation coordinator W. Barlow would not have known about plaintiff's small claims cases involving correctional staff (small claims case numbers C1CL06-2139 and C1CL06-2221 in Del Norte County Superior Court) unless Carrier read plaintiff's confidential mail and told Barlow about plaintiff's small claims cases does not compel a different conclusion.  As litigation coordinator for PBSP, Barlow is generally aware of all litigation brought by current and former inmates against PBSP employees, receives service

5

for all such litigation and is involved in the defense of small claims cases brought by inmates against PBSP employees. <u>See</u> Barlow Decl. ¶¶ 2 & 3. After all, the fact that plaintiff had small claims cases pending in state superior court was a matter of public record. <u>Cf.</u> <u>Keenan</u>, 83 F.3d at 1094 (mail issued by courts and similar agencies generally a matter of public record which can be accessed by prison officials through traditional means). Plaintiff's mere speculation that Carrier intentionally opened and read his legal mail in violation of his First Amendment right to petition the government is insufficient to create a genuine issue for trial. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (conclusory allegations insufficient to defeat summary judgment). So is his speculation that the other named defendants were somehow involved. Defendants are entitled to summary judgment on plaintiff's mail tampering claim as a matter of law. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 323.

Defendants are also entitled to qualified immunity. Under <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), the court must undertake a two-step analysis when a defendant asserts qualified immunity in a motion for summary judgment. The court first faces "this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 533 U.S. at 201. If the court determines that the conduct did not violate a constitutional right, the inquiry is over and the officer is entitled to qualified immunity.

If the court determines that the conduct did violate a constitutional right, it then moves to the second step and asks "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> at 201-02. Even if the violated right was clearly established, qualified immunity shields an officer from suit

when he makes a decision that, even if constitutionally deficient, reasonably

misapprehends the law governing the circumstances he confronted.  Id. at 205-06.

If "the officer's mistake as to what the law requires is reasonable . . .  the officer

is entitled to the immunity defense."  Id. at 205.

Here, even if the possible mishandling of a few pieces of mail constituted

a constitutional violation, defendants still would be entitled to qualified

immunity.  It simply cannot be said that a reasonable official would have known

that erroneously opening and inspecting mail that did not qualify as confidential

under seemingly reasonable CDCR regulations would have been clearly

unreasonable or unlawful.  Id. at 202.  The rule of qualified immunity "'provides

ample protection to all but the plainly incompetent or those who knowingly

violate the law;'" defendants can have a reasonable, but mistaken, belief about the

facts or about what the law requires in any given situation.  Id. (quoting Malley v.

Briggs, 475 U.S. 335, 341 (1986)).

2.    Interference with right of access to the courts

Plaintiff claims that defendants violated his right of access to the

court by interfering with his ongoing court actions.

Prisoners have a constitutional right of access to the courts.  Lewis v.

Casey, 518 U.S. 343, 350 (1996).  To establish a claim for any violation of the

right of access to the courts, a prisoner must prove that prison officials (or

inadequacies in the prison's legal access program) caused him an actual injury to

court access by hindering his efforts to pursue a non-frivolous claim concerning

his conviction or conditions of confinement.  See id. at 350-55.  "Impairment of

any other litigating capacity is simply one of the incidental (and perfectly

constitutional) consequences of conviction and incarceration."  Id. at 355.

/

7

1    Plaintiff alleges that Carrier gave Barlow plaintiff's "letter or information"

2    regarding small claims case number C1CL06-2139 and that Barlow used the

3    "letter or information" to somehow interfere with plaintiff's ability to litigate the

4    case.  The claim is without merit.

5    The record shows that small claims case number C1CL06-2139 was a tort

6    action plaintiff brought against correctional staff at PBSP.  As litigation

7    coordinator for PBSP, Barlow provided the defense for the correctional staff

8    defendants and argued that the case should be dismissed for failure to comply

9    with California's Tort Claims Act, which requires that a plaintiff file a tort claim

10    with the California Victim Compensation and Government Claims Board

11    ("Board") before filing suit against any state employee or agency.  Barlow

12    specifically argued that he called the Board and was told that plaintiff had not

13    submitted a claim.  See Barlow Decl. ¶ 4 & Ex. A.  The case was dismissed for a

14    variety of reasons, including lack of evidentiary support, failure to exhaust

15    administrative remedies and failure to comply with the Tort Claims Act.  See id.

16    Exs. B & C.

17    Plaintiff has not shown that there is a genuine issue for trial on his claim

18    that he was denied access to the courts in connection with small claims case

19    number C1CL06-2139.  Small claims case C1CL06-2139 involved a tort claim

20    under California law, not a constitutional challenge to the conditions of his

21    confinement under § 1983 for which the right of access to the courts applies.  See

22    Lewis, 518 U.S. at 355.  And plaintiff has set forth no evidence showing that he

23    suffered an actual injury to court access in connection with his tort claim as a

24    result of any act or omission by any of the named defendants.  See id.  Plaintiff's

25    claim that he did file a claim with the Board does not compel a different

26    conclusion.  After all, the superior court dismissed small claims case C1CL06-

27

28    8

2139 not only for failure to comply with the Tort Claims Act, but also for lack of evidentiary support and for failure to exhaust administrative remedies.

Plaintiff also alleges that Carrier gave Barlow information from plaintiff's confidential mail that contained his strategy for litigating small claims case number C1CL06-2221 and that Barlow used the information to somehow interfere with plaintiff's ability to litigate the case. The claim is without merit because small claims case number C1CL06-2221 was a civil tort claim for damages filed by a correctional officer against plaintiff for punching and injuring him, see Barlow Decl. ¶ 5, and not a criminal prosecution against plaintiff for which the right of access to the courts applies. See Lewis, 518 U.S. at 355. And, as with small claims case number C1CL06-2139, plaintiff has set forth no evidence showing that he suffered an actual injury to court access in connection with the tort claim against him as a result of any act or omission by any of the named defendants. See id.

Plaintiff finally alleges that defendants interfered with his right of access to the courts in connection with a civil rights action in this court and his criminal prosecution in state court for attacking a correctional officer. The claims are without merit because plaintiff sets forth no evidence whatsoever showing that he suffered an actual injury to court access in connection with either case as a result of any act or omission by any of the named defendants. See id. Plaintiff's mere speculation that any setbacks in these actions must have been the result of wrongdoing on the part of one of the named defendants is not enough to defeat summary judgment and proceed to trial. See Leer, 844 F.2d at 633. In fact, the record in the federal civil rights action cited by plaintiff makes clear that the action was dismissed because plaintiff did not exhaust available administrative remedies before filing suit, not because of any wrongdoing on the part of any of

1   the named defendants.  See Grigsby v. Castellan, No. C 06-5494 CRB (PR) (N.D.

2   Cal. Feb. 26, 2007) (order of dismissal); see also Grigsby v. Castellan, No. C 06-

3   5494 CRB (PR) (N.D. Cal. Mar. 29, 2007 & June 18, 2007) (orders denying

4   requests for reconsideration).

5        Defendants are entitled to summary judgment on plaintiff's claim of

6   interference with his right of access to the courts because plaintiff has not show

7   that there is a genuine issue for trial.  See Celotex Corp., 477 U.S. at 323.

8                              **CONCLUSION**

9        For the foregoing reasons, defendants' motion for summary judgment (doc

10  # 22) is GRANTED.

11       The clerk shall enter judgment in favor of defendants and close the file.

12  SO ORDERED.

13  DATED:  April 28, 2008

                              CHARLES R. BREYER
14                            United States District Judge

G:\PRO-SE\CRB\CR.07\Grigsby2.msj.wpd

10